**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

<table>
<tr>
<td>

SALOME ONYANGO, *individually and on behalf of all others similarly situated*,

     Plaintiff,

v.

THE CAMPBELL'S COMPANY *and* CORTECH, LLC,

     Defendants.

</td>
<td>

Civil Action No.: _____

**CLASS AND COLLECTIVE ACTION COMPLAINT**

JURY TRIAL DEMANDED

</td>
</tr>
</table>

Plaintiff Salome Onyango ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her undersigned attorneys, hereby submits the following class and collective action complaint against The Campbell's Company ("Campbell") and CorTech, LLC ("CorTech"; collectively with Campbell, "Defendants"). The allegations concerning Plaintiff's acts and status are based upon her actual knowledge, and her allegations concerning all other matters are based upon information and belief, and the investigation of counsel.

## NATURE OF ACTION

1.    This class and collective action seeks to recover unpaid overtime wages owed to Plaintiff and similarly situated hourly contingent workers who performed non-manual compensable work for Defendants but were not paid time and a half for all overtime hours worked ("Class Members").

2.    Campbell's business model includes using staffing agencies like CorTech to obtain "contingent workers," who are non-permanent personnel hired on a temporary, project-by-project, or as-needed basis. Campbell is a joint employer of these contingent workers even though they are

not on the company's direct payroll, including because Cambell maintains direct control over contingent workers tasks and responsibilities and it controls all major elements of their work.

3.    Plaintiff worked for Defendants as a Marketing Budget Analyst/Account Analyst assigned to Campbell's marketing operations. Although Plaintiff was paid hourly and classified as (and was) non-exempt and overtime-eligible, Defendants paid her for no more than forty hours per week, even when they required, permitted, and accepted work beyond forty hours, including late-night and weekend work.

4.    Founded in 1869, Defendant The Campbell's Company, formerly known as Campbell Soup Company, is a brand powerhouse with two divisions: Meals & Beverages and Snacks.[1] Campbell employs approximately 13,700 employees across North America, with approximately $10.3 billion in net sales in fiscal year 2025. *See id*.

5.    Defendant CorTech, LLC is an international staffing/recruiting company headquartered in Atlanta, Georgia with multiple branch locations across the United States offering contract, project and permanent/direct hire workers.[2]

6.    Plaintiff and other Class Members regularly work in excess of 40 hours per week and are entitled to receive compensation for working over 40 hours per week, as they are "employees" covered under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq*. ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq*. Yet, even though Class Members often work over 40 hours per week, Defendants refused to pay them overtime wages and have willfully

---

[1] The Campbell's Company, About Us, https://www.thecampbellscompany.com/about-us/ (last visited July 31, 2026).

[2] CorTech, LLC, About Us, https://www.cor-tech.net/history.html; How We Deliver, https://www.cor-tech.net/how_we_deliver.html (last visited July 31, 2026).

CLASS AND COLLECTIVE ACTION COMPLAINT

prevented and/or discouraged Class Members from accurately recording their time.

7.    Defendants maintained and enforced timekeeping and compensation practices that prevented and/or discouraged Plaintiff and similarly situated workers from accurately recording all compensable hours worked. By requiring, permitting, and accepting work beyond forty hours in a workweek while paying Plaintiff and similarly situated workers for no more than forty hours, Defendants violated the FLSA, the NJWHL, and the NJWPL, and breached applicable employment agreements promising compensation for work performed.

8.    Plaintiff brings her FLSA claims on behalf of herself and all other similarly situated hourly non-manual employees who worked for Defendants at any time during the three (3) years prior to the commencement of this action.

9.    Plaintiff brings her NJWHL and NJWPL claims on behalf of herself and all other similarly situated hourly employees who worked for Defendants in New Jersey at any time during the six (6) years prior to the commencement of this action.

10.    Plaintiff brings her common law claims on behalf of herself and all other similarly situated hourly employees who entered into an employment relationship with CorTech within the maximum limitations period.

11.    A class and collective action is an appropriate and necessary mechanism to remedy Defendants' alleged wage practices because the individual damages suffered by each worker are modest relative to the expense of individual litigation, and many affected workers may be unaware that they were not paid all wages required by law.

## **THE PARTIES**

12.    Plaintiff Salome Onyango is an adult resident and citizen of Wilmington, Delaware. From approximately October 2022 to September 2025, Plaintiff worked for Defendants as a

CLASS AND COLLECTIVE ACTION COMPLAINT

Marketing Budget Analyst and/or Account Analyst III at Campbell's marketing department. During this time, Plaintiff was required to work a regular 8-5 eight-hour schedule, and she was regularly required to work additional hours at night and during the weekend, without receiving any compensation for overtime work. On average, Plaintiff generally worked approximately 50-55 hours per week.

13.    Defendant The Campbell's Company, formerly known as Campbell Soup Company, is a corporation organized under the laws of New Jersey with its principal executive offices located at One Campbell Place, Camden, New Jersey 08103.

14.    Defendant CorTech, LLC is a corporation organized under the laws of Georgia with its principal office located at 710 Morgan Falls Rd, Atlanta, GA 30350. CorTech is a staffing and recruiting company that, upon information and belief, maintained an employment, staffing, payroll, and/or contracting relationship with Plaintiff and similarly situated workers assigned to Campbell.

15.    At all relevant times, Defendants were "employers" within the meaning of the FLSA, NJWHL, and NJWPL.

16.    At all relevant times, Defendants jointly employed Plaintiff and similarly situated employees.

17.    Campbell supervised, directed, controlled, and benefited from Plaintiff's work; assigned work and deadlines; required Plaintiff to use Campbell systems; controlled or influenced Plaintiff's schedule and workload; approved, reviewed, or controlled Plaintiff's timesheets; and retained the right to continue or end her employment.

18.    CorTech placed Plaintiff at Campbell, entered into an employment contract with Plaintiff and maintained the power to terminate the employment contract, maintained Campbell's

4
CLASS AND COLLECTIVE ACTION COMPLAINT

staffing and payroll records for the work Plaintiff and some other members of the Class performed, issued pay to Plaintiff and some of the Class and withheld taxes and deductions on their behalf, managed and maintained Plaintiff's time off balance, administered or provided access to Fieldglass (CorTech's timekeeping system where Plaintiff was required to enter her timesheets), and participated in the timekeeping and compensation practices challenged in this action.

19.     Defendants were associated with respect to Plaintiff's employment. Defendants acted directly and indirectly in each other's interest and shared control over Plaintiff's work, timekeeping, payroll, compensation, and continued assignment. As a result, Defendants jointly employed Plaintiff and similarly situated employees and are jointly and severally responsible for the wages owed.

## JURISDICTION

20.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

21.     This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367 because those claims arise from the same case or controversy as Plaintiff's FLSA claims.

22.     This Court has general jurisdiction over Campbell because it is organized under the laws of New Jersey, maintains its principal executive offices in Camden, New Jersey, conducts business in New Jersey, employed Plaintiff from its Camden, New Jersey operations, and committed the acts and omissions alleged herein in and from New Jersey.

23.     This Court has personal jurisdiction over CorTech because CorTech transacted business in New Jersey, placed workers with Campbell in New Jersey, entered into and/or performed staffing and payroll functions for work performed at or controlled from Campbell's

CLASS AND COLLECTIVE ACTION COMPLAINT

Camden, New Jersey operations, and committed the acts and omissions alleged herein in connection with New Jersey employment.

24. At all relevant times, Defendants were engaged in interstate commerce and had annual gross sales or business done of not less than $500,000, and Plaintiff and similarly situated employees were engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA.

## VENUE

25. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

26. Venue is proper in this District because The Campbell's Company maintains its principal office in Camden, New Jersey, Plaintiff worked in Camden, New Jersey for part of the relevant period, the challenged policies and practices were implemented at and/or directed from Campbell's Camden, New Jersey operations, and Defendants employed Plaintiff and similarly situated employees in this District.

27. This action is properly assigned to the Camden Vicinage because a substantial part of the conduct alleged herein occurred in Camden County, New Jersey.

## GENERAL ALLEGATIONS

28. In approximately October 2022, CorTech offered Plaintiff a full-time employment assignment with CorTech's client, Campbell, at Campbell's office in Camden, New Jersey. A copy of the offer letter from CorTech to Plaintiff is attached hereto as Exhibit A (the "Offer Letter").

29. From approximately October 2022 to September 2025, Plaintiff worked for Defendants as a Marketing Budget Analyst. CorTech also referred to Plaintiff's position as Account Analyst III or a similar title in its Offer Letter.

6

CLASS AND COLLECTIVE ACTION COMPLAINT

30.　Plaintiff worked on-site at Campbell's Camden, New Jersey office during the first 6 months of her employment. During that time, Plaintiff worked on-site during the scheduled eight hours, and worked remotely to complete assignments as required.

31.　Thereafter, Plaintiff worked fully remotely from her residence in Wilmington, Delaware. Although Plaintiff later performed her work remotely from Delaware, she remained assigned to Campbell's Camden, New Jersey operations. Her work continued to be directed, supervised, reviewed, and approved by Campbell personnel operating through Campbell's New Jersey-based marketing and/or finance functions. The deadlines, reporting requirements, systems access, timekeeping approval process, and work priorities that caused Plaintiff to perform unpaid overtime were implemented by, approved by, and controlled through Campbell's Camden operations.

32.　Plaintiff's job responsibilities included processing invoices, reconciling invoices, assisting marketing managers with budgets and budget cuts, expediting payments, setting up purchase orders, and coordinating with vendors.

33.　Plaintiff used Campbell's system and software to perform her job obligations, such as Ariba, MMM, Okta, Microsoft Teams, Outlook, Spark, and Excel. Whenever she began and ended work, including when working overtime and outside her regular eight-hour shift, Plaintiff signed in and out of Campbell's systems.

34.　During her employment, Plaintiff was scheduled to work 40 hours per week. However, Plaintiff and Class Members generally worked in excess of 40 hours per work week at Defendants' request. Defendants regularly gave Plaintiff work assignments and deadlines that required overtime work. For example, within Campbell's marketing department, reports were regularly due on Tuesdays and Wednesdays, which required Plaintiff and other contingent workers

CLASS AND COLLECTIVE ACTION COMPLAINT

to work nights and weekends to complete billing, invoice, budget, and related assignments. Plaintiff and Class Members were often required to wait for reports, approvals, information, or other inputs until late in the evening and then complete assignments by the next morning.

35.    Plaintiff was scheduled to work forty hours per week and was expected to be, and was, available from 8:00 a.m. to 5:00 p.m. However, Defendants regularly required Plaintiff to work beyond her scheduled hours, including late evenings and weekends. Plaintiff was required to regularly monitor Microsoft Teams and Outlook outside normal hours to watch system syncs for senior managers, respond to time-sensitive procurement approvals, and address Spark email chains concerning billing deadlines, expedited payment requests, and payment issues. Plaintiff was also required to create purchase orders and budget adjustments for senior marketing managers on tight strict deadlines.

36.    Plaintiff's unpaid overtime was driven in part by senior-management deadlines. Campbell managers and senior managers frequently sent emails and requests after hours, including between approximately 8:00 p.m. and 1:00 a.m., and made verbal requests during Friday meetings for work due the following Monday morning.

37.    Plaintiff also worked late nights during critical cycles and crises, including snap-the-line deadlines, year-end cycles, backlog-accrual work that had been left undone for an extended period, and corrective work for tasks left by an employee who had left Campbell months earlier.

38.    Plaintiff was required to remain available and on call outside her regular schedule, including waiting for reports, approvals, senior-management requests, procurement approvals, Spark email chains, and system syncs before she could complete her assigned duties.

39.    Plaintiff estimates that she generally worked approximately ten (10) to fifteen (15)

CLASS AND COLLECTIVE ACTION COMPLAINT

hours of unpaid overtime per week on average, for a total of approximately fifty (50) to fifty-five (55) hours per week. Part of Plaintiff's and other contingent workers' overtime hours are reflected in Defendants' software systems, such as Teams activities, Outlook sign-ins, Ariba approval times, emails, and other system activities.

40.     Throughout her employment with Defendants, Plaintiff was paid at a regular hourly wage rate of $38.51. CorTech issued Plaintiff paychecks via weekly payroll subject to income tax withholding and other payroll deductions.

41.     According to the Offer Letter, Plaintiff was classified as non-exempt and eligible for overtime payments at 1.5 times her standard pay rate. *See* Exhibit A ¶ 2.

42.     Despite Plaintiff's non-exempt status and hourly rate, Defendants paid Plaintiff for only forty (40) hours per week regardless of the hours she actually worked.

43.     Plaintiff and other non-manual contingent workers were required to submit timesheets through Fieldglass, CorTech's timekeeping system. Plaintiff's timesheets were approved by managers and/or other personnel at Campbell.

44.     Plaintiff was instructed by Campbell marketing leadership, including a VP of Marketing, to submit only forty (40) hours per week and eight (8) hours per day on her timesheets.

45.     Defendants' timekeeping system, Fieldglass, blocked, restricted, and did not allow Plaintiff to enter certain weekend and/or overtime hours, thereby preventing her from recording all compensable time.

46.     Plaintiff and other similarly situated employees performed after-hours and weekend work from Defendants' systems and for Defendants' benefit. Non-manual contingent workers' emails, system records, communications, deadlines, and work product show that she worked outside normal business hours and on weekends.

47. Defendants had actual or constructive knowledge of Plaintiff's overtime work because Campbell's managers assigned the work, set deadlines, communicated with Plaintiff after hours, received after-hours work product, and approved timesheets that were limited to forty (40) hours despite knowing the work could not be completed within forty (40) hours.

48. Defendants did not pay Plaintiff one and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

49. Defendants also failed to pay Plaintiff regular wages for compensable hours worked over forty (40) because those hours were not paid at all.

50. Plaintiff and other similarly situated employees are labeled as "Contingent Workers" in Defendants' systems, but they performed employee work under Defendants' direction and control. Regardless of the staffing label used, Plaintiff and similarly situated employees were hourly, non-exempt workers entitled to be paid for all compensable hours worked, including overtime premiums for hours worked over forty in a workweek. Defendants used staffing labels, timekeeping restrictions, and uniform instructions limiting recorded time to forty hours per week to avoid paying all wages owed.

51. Plaintiff and other similarly situated employees were economically dependent on Defendants and worked as employees. Campbell controlled the work to be performed, the systems used, the deadlines, the approval chain, and the timekeeping process, while CorTech handled staffing, payroll, and/or timekeeping administration.

52. Upon information and belief, numerous other contingent workers in non-manual non-exempt positions at Campbell were subjected to similar timekeeping and overtime practices.

53. Plaintiff and similarly situated employees were subject to the same common policies and practices, including policies requiring employees to work overtime without recording

CLASS AND COLLECTIVE ACTION COMPLAINT

all hours worked and policies or instructions limiting reported time to forty (40) hours per week.

54.    Defendants failed to make, keep, and preserve accurate records of all hours worked by Plaintiff and similarly situated employees.

55.    Defendants' violations were willful because Defendants knew Plaintiff and similarly situated employees were hourly, non-exempt, and/or overtime-eligible, knew they worked more than forty (40) hours in a workweek, and nevertheless instructed them not to record or submit all overtime hours and failed to pay overtime compensation.

56.    Plaintiff previously filed a wage claim form with the New Jersey Department of Labor and Workforce Development (the "NJDOL"). After investigation, the NJDOL informed Plaintiff on January 15, 2026, that her claims exceeded "the maximum $50,000 amount allowed for wage disputes heard by [the NJDOL's] office." *See* Exhibit B, NJDOL Jan. 15, 2026 Letter. To proceed with formal proceeding with NJDOL, Plaintiff would have to waive any monetary claim exceeding $50,000. Plaintiff then decided to close her NJDOL claim to proceed in court as recommended by the NJDOL.

## FLSA COLLECTIVE ACTION ALLEGATIONS

57.    Plaintiff brings her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated employees:

> All current and former hourly contingent workers in the United States who were employed by Campbell as non-manual workers, onsite or remotely, during the three (3) years preceding the filing of this Complaint through the present, who worked more than forty (40) hours in a workweek and were not paid overtime compensation for all overtime hours worked (the "FLSA Collective").

58.    Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

CLASS AND COLLECTIVE ACTION COMPLAINT

59.     Plaintiff is a member of the FLSA Collective that she seeks to represent because she worked for Defendants during the relevant period and suffered the overtime violation alleged above.

60.     This action may be properly maintained as a collective action on behalf of the putative FLSA Collective because, during the relevant period, they were all subjected to Defendants' same unlawful policies, plans, and practices of failing to pay overtime at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

61.     Plaintiff and the FLSA Collective have substantially similar job duties and are paid pursuant to a similar, if not identical, payment structure.

62.     The claims of Plaintiff and members of the FLSA Collective arise from the same unlawful policies and practices, including Defendants' policy and practice of limiting recorded time to forty (40) hours per week, instructing employees to record no more than forty (40) hours, blocking or discouraging accurate overtime reporting, and misclassifying or treating non-exempt employees as exempt or otherwise not entitled to overtime.

63.     Plaintiff is currently unaware of the identities of the FLSA Collective. Accordingly, Defendant should be required to provide Plaintiff with a list of all hourly contingent workers employed by Defendants as non-manual workers, or substantially similar roles during the FLSA Collective Period, along with their last known addresses, telephone numbers, and e-mail addresses so Plaintiff can give the FLSA Collective notice of this action and an opportunity to make an informed decision about whether to participate in this action pursuant to 29 U.S.C. § 216(b).

CLASS AND COLLECTIVE ACTION COMPLAINT

## CLASS ACTION ALLEGATIONS

64.     Plaintiff brings the New Jersey statutory claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and all similarly situated persons:

All current and former hourly contingent workers who were employed by Defendants as non-manual workers, onsite or remotely, or substantially similar roles in New Jersey, during the six (6) years preceding the filing of this Complaint through the present, who worked more than forty (40) hours in a workweek and were not paid overtime compensation for all overtime hours worked (the "New Jersey Class").

65.     Plaintiff also brings this action individually and on behalf of the following sub-class:

All current and former hourly contingent workers who received offer letters from CorTech, and/or entered into employment contracts with CorTech, were placed by CorTech at Campbell at any time within the maximum limitations period, who worked more than forty (40) hours in a workweek and were not paid overtime compensation for all overtime hours worked ("CorTech Sub-Class").

66.     Plaintiff reserves the right to modify the proposed class definition at a later stage of litigation.

67.     The Classes satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action under Rule 23(a).

68.     The Classes are sufficiently numerous that joinder is impracticable. Upon information and belief, Defendants employed numerous hourly contingent workers in New Jersey who were subject to the challenged timekeeping and compensation practices; CorTech sent offer letters to, and/or entered into employment contracts with numerous individuals, and placed them at Campbell. The precise number and identities of Class members are ascertainable from Defendants' records.

69.     The members of the Classes are readily ascertainable. The number and identity of the Classes are determinable from the records of Defendants in the normal course of business. For

CLASS AND COLLECTIVE ACTION COMPLAINT

purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

70.    The New Jersey Class specifically excludes Defendants, any parent, subsidiary, or affiliate of any Defendant, any entity in which Defendants have a controlling interest, or which Defendants otherwise controls, any officer, director, legal representative, predecessor, successor, or assignee of Defendant.

71.    Notice can be provided by means permissible under Fed. R. Civ. P. 23.

72.    Plaintiff's claims raise questions of law and fact common to the Classes. The questions of law and fact common to the Classes arising from Defendants' actions include, without limitation, the following:

    a.  Whether Plaintiff, and members of the New Jersey Class, and the CorTech Sub-Class were hourly contingent workers, or similarly situated workers employed by Defendants, jointly or separately;

    b.  whether Defendants required, permitted, or accepted work beyond forty hours in a workweek;

    c.  whether Defendants maintained a common practice of limiting recorded or paid time to forty hours per week;

    d.  whether Defendants instructed workers not to record more than forty hours per week or eight hours per day;

    e.  whether Defendants' timekeeping systems blocked, restricted, or discouraged accurate reporting of overtime or weekend work;

    f.  whether Defendants knew or should have known that Plaintiff and the New Jersey Class performed compensable work beyond forty hours;

    g.  whether Defendants failed to pay all regular wages and overtime premiums owed;

    h.  whether CorTech failed to provide Plaintiff and the CorTech Sub-Class members their wages earned in accordance with the agreed upon terms of employment;

14

CLASS AND COLLECTIVE ACTION COMPLAINT

    i.   whether Defendants' conduct violated the NJWHL and NJWPL; and

    j.   whether Defendants' violations were willful.

73. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

74. Plaintiff is a member of the Classes that she seeks to represent. Plaintiff's claims are typical of the claims of the Classes, and she has no interests that are antagonistic to, or in conflict with, the interests of the putative Classes because:

    a.   Plaintiff and members of the Classes have worked as hourly contingent workers, or similarly situated or substantially similar roles for Defendants;

    b.   Plaintiff and members of the Classes have performed similar non-exempt job duties for Defendants;

    c.   Plaintiff and members of the Classes were subject to the same policies and procedures relating to their work, time, and compensation, which had the common effect of failing to pay Plaintiff and the New Jersey Class overtime wages;

    d.   Plaintiff and members of the CorTech Sub-Class were subject to the same policies and procedures relating to breach of contract, which had the common effect of failing to provide Plaintiff and members of the CorTech Sub-Class their wages earned in accordance with the agreed upon terms of employment;

    e.   Defendants' violations of the NJWHL and NJWPL and/or its regulations were willful.

75. Plaintiff's interests are co-extensive with those of the Classes that she seeks to represent in this case. Plaintiff is willing and able to represent the Classes fairly and to vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who is qualified and experienced in employment class action litigation, and who is able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience, and resources of Plaintiff and her counsel to litigate the individual and Class claims at

CLASS AND COLLECTIVE ACTION COMPLAINT

issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

76.     Defendants have acted or refused to act on grounds generally applicable to the Classes, by maintaining common timekeeping and compensation practices that resulted in unpaid wages. Plaintiff seeks certification under Rule 23(b)(3) because common questions predominate over individualized issues and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

77.     The common issues of fact and law affecting Plaintiff's claims and those of the members of the Classes, including the common issues identified above, predominate over any issues affecting only individual claims.

78.     A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the Classes. There will be no difficulty in the management of this action as a class action.

79.     The cost of proving Defendants' violations of the NJWHL and NJWPL, the supporting New Jersey State Department of Labor regulations, and violations of common law makes it impracticable for Plaintiff and the Classes to pursue their claims individually.

80.     Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the Classes interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the Classes arise from the same course of events, and each class member makes similar legal and factual arguments to prove the Defendants' liability.

CLASS AND COLLECTIVE ACTION COMPLAINT

## CAUSES OF ACTION

## COUNT I

**Failure To Pay Overtime In Violation Of 29 U.S.C. § 207
(On Behalf Of Plaintiff And The FLSA Collective)**

81.     Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

82.     29 U.S.C. § 207(a) requires covered employers to pay all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per workweek.

83.     During the FLSA Collective Period, Plaintiff and the FLSA Collective were non-exempt "employees" within the meaning of the FLSA.

84.     During the FLSA Collective Period, Defendants were the covered "employer" and joint employers of Plaintiff and the FLSA Collective within the meaning of the FLSA.

85.     During the FLSA Collective Period, Plaintiff and the FLSA Collective have been entitled to the rights, protections and benefits provided under the FLSA.

86.     During the FLSA Collective Period, Plaintiff and the FLSA Collective worked more than forty (40) hours in one or more workweeks.

87.     Defendants failed to pay Plaintiff and the FLSA Collective overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

88.     During the FLSA Collective Period, Defendants knew that Plaintiff and the FLSA Collective worked more than 40 hours per workweek for Defendants. However, Defendants willfully blocked or discouraged accurate overtime reporting, and did not pay Plaintiff and the

17
CLASS AND COLLECTIVE ACTION COMPLAINT

FLSA Collective overtime for hours worked in excess of 40 hours per workweek.

89. As a result of Defendants' failure to pay Plaintiff and the FLSA Collective overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the FLSA.

90. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

91. Defendants' violations of the FLSA were willful because Defendants knew or showed reckless disregard for whether their conduct violated the FLSA.

92. Defendants have no good faith justification or defense for failing to pay Plaintiff and the FLSA Collective the overtime wages mandated by the FLSA.

93. 29 U.S.C. § 216(b) provides that Plaintiff and the FLSA Collective are entitled to recover the full amount of their wage underpayments during the three years preceding the filing of this Complaint, plus periods of equitable tolling, an award of costs and reasonable attorneys' fees incurred in pursuing this claim, an award of prejudgment interest paid at the applicable legal rate, as Defendants willfully had no good faith basis to believe their wage payments to Plaintiff and the FLSA Collective complied with the FLSA.

## COUNT II

**Violation of the New Jersey Wage and Hour Law**
**N.J.S.A. 34:11-56a *et seq.***
**(On Behalf of Plaintiff and the New Jersey Class)**

94. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

95. The NJWHL requires covered employers to pay non-exempt employees overtime compensation at one and one-half times their regular rate of pay for actual hours worked in excess of 40 hours in a workweek.

18
CLASS AND COLLECTIVE ACTION COMPLAINT

96.    At all relevant times, Plaintiff and members of the New Jersey Class were employees within the meaning of the NJWHL. N.J.S.A. 34:11- 56a(1)(h).

97.    At all relevant times, Defendants were employers and joint employers within the meaning of the NJWHL. N.J.S.A. 34:11- 56a(1)(g).

98.    At all relevant times, Plaintiff and the New Jersey Class worked more than forty (40) hours in one or more weeks.

99.    Defendants failed to pay Plaintiff and the New Jersey Class overtime compensation at one and one-half times their regular rates of pay for all hours worked over forty (40) in a workweek.

100.    At all relevant times, Defendants knew that Plaintiff and the New Jersey Class worked more than 40 hours per workweek for Defendants. However, Defendants willfully blocked or discouraged accurate overtime reporting, and did not pay Plaintiff and the New Jersey Class overtime for hours worked in excess of 40 hours per workweek.

101.    As a result of Defendants' failure to pay Plaintiff and the New Jersey Class overtime at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 hours per workweek, Defendants violated the NJWHL.

102.    The foregoing conduct of Defendants constitutes willful violations of the NJWHL.

103.    Defendants' violations of the NJWHL were willful because Defendants knew or showed reckless disregard for whether their conduct violated the NJWHL.

104.    Defendants have no good faith justification or defense for failing to pay Plaintiff and the New Jersey Class the overtime wages mandated by the NJWHL.

105.    As set forth above, Plaintiff and the New Jersey Class have sustained losses and lost compensation as a proximate result of Defendants' violations.

CLASS AND COLLECTIVE ACTION COMPLAINT

106.    Accordingly, Plaintiff on behalf of herself and the New Jersey Class, seek damages in the amount of their unpaid earned compensation, including overtime wages, interest, liquidated damages equal to 200% of the unpaid wages including overtime wages, and attorneys' fees and costs. N.J.S.A. § 34:11-56a25.

## COUNT III

### Violation of the New Jersey Wage Payment Law
### N.J.S.A. 34:11-4.1 et seq.
### (On Behalf of Plaintiff and the New Jersey Class)

107.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

108.    The NJWPL requires employers to pay employees the full amount of wages due on regular paydays and prohibits employers from withholding or diverting wages except as permitted by law.

109.    At all relevant times, Plaintiff and members of the New Jersey Class earned wages for all hours worked, including regular and overtime wages for hours worked over forty (40) in a workweek.

110.    Defendants failed to pay Plaintiff and the New Jersey Class the full amount of wages due by limiting paid time to forty hours per week despite requiring, permitting, and accepting work beyond forty hours.

111.    Defendants' failure to pay all wages due violated the NJWPL.

112.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff and members of the New Jersey Class are entitled to unpaid wages, including overtime wages, liquidated damages equal to 200% of the unpaid wages including overtime wages, attorneys' fees, costs, prejudgment interest to the extent available, and all other relief permitted by the NJWPL.

CLASS AND COLLECTIVE ACTION COMPLAINT

## COUNT IV

**Breach of Contract**
**(On Behalf of Plaintiff and the CorTech Sub-Class)**

113.    Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs above as if fully set forth herein.

114.    Plaintiff asserts a breach-of-contract claim on behalf of herself and those similarly situated workers who entered into materially similar offer letters, employment agreements, or staffing agreements with CorTech promising compensation for all hours worked and/or overtime compensation for hours worked over forty in a workweek.

115.    Plaintiff's Offer Letter and/or other employment documents reflected that Plaintiff was classified as non-exempt and eligible to receive overtime payments. *See* Exhibit A.

116.    The complete records of Employment Agreements are in CorTech's possession.

117.    Plaintiff and other contingent workers performed compensable work for the benefit of CorTech and satisfied their obligations under the Offer Letters and related employment documents. CorTech failed to pay Plaintiff all compensation promised for hours worked, including overtime compensation expressly contemplated by the Offer Letter.

118.    Defendants breached their agreements with Plaintiff and members of the CorTech Sub-Class by denying them access to accurately report their time worked, failing to pay them all wages owed for all hours worked, including overtime compensation and/or other compensation promised or required by the agreements and applicable law.

119.    As a direct and proximate result of CorTech's breaches, Plaintiff and Class members suffered damages in an amount to be determined at trial, together with interest, attorneys' fees and costs to the extent permitted by law or contract, and such other relief as the Court deems just and proper.

CLASS AND COLLECTIVE ACTION COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount to be determined at trial for the following relief:

A.      Certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b);

B.      Designating this action as a collective action pursuant to FLSA § 216(b) and order prompt issuance of notice to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to FLSA § 216(b) and toll the statute of limitations on the claims of Plaintiff from the date of filing of this Complaint until the FLSA Collective has been provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their rights to opt in as plaintiffs;

C.      Approving Plaintiff as adequate representative of the FLSA Collective and New Jersey Class;

D.      Appointing Finkelstein, Blankinship, Frei-Pearson & Garber, LLP as Class Counsel;

E.      Authorizing Class Counsel to issue a notice informing the Class Members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F.      Finding that Defendants willfully violated the applicable federal and state laws alleged herein;

G.      Granting judgment in favor of Plaintiff and the Class Members on all counts;

H.      Awarding all available compensatory damages in amounts to be determined;

CLASS AND COLLECTIVE ACTION COMPLAINT

I.      Awarding all available liquidated damages in amounts to be determined, including treble damages pursuant to N.J.S.A. § 34:11-56a25;

J.      Awarding a reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

K.      Awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

L.      Awarding Plaintiff and the Class Members such other and further relief as this Court deems just and proper; and

M.      Maintaining jurisdiction over this action to ensure Defendants' compliance with the foregoing.

## JURY TRIAL DEMAND

Under Federal Rule of Civil Procedure 38, Plaintiff demands that a jury determine any issue triable of right.

Dated: August 3, 2026
White Plains, NY

/s/ Kenneth B. Fromson
Kenneth B. Fromson (ID No. 056201994)
**FINKELSTEIN & PARTNERS, LLP**
1270 Route 300
Newburgh, NY 12551
(845) 563-9459
kfromson@lawampm.com

/s/ D. Greg Blankinship
D. Greg Blankinship (pro hac vice forthcoming)
Jeremiah Frei-Pearson (pro hac vice forthcoming)
**FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER LLP**
1 North Broadway, Ste. 900
White Plains, NY 10601

23
CLASS AND COLLECTIVE ACTION COMPLAINT

Tel: (914) 298-3284
gblankinship@fbfglaw.com
jfrei-pearson@fbfglaw.com

CLASS AND COLLECTIVE ACTION COMPLAINT